Pratt, J.
The principal point made by appellant is that the fraud alleged is that of a third party, for whose acts defendants are not responsible and should not suffer.
It is a sufficient answer to say, neither should the plaintiff.
The confusion of ideas results from regarding the decision as a punishment. On the contrary, the question is, was the release obtained in such a way as to be binding.
The release is upon trial, not the defendant; and if the means by which it was obtained are such that it will be unjust to enforce it, the result is that the parties are remitted to their original position.
The release is adjudged never to have had a legal existence.
An instrument procured by inequitable means should not be enforced, no matter how complete may be the personal honesty of the party seeking to hold its benefits.
The question was fully discussed in Huguein v. Baseley (14 Vesey, 273), and the preceding case of Bridgeman v. Green (2 Ves., Sen., 627), is to the same effect.
In each of those cases an innocent party sought to retain a benefit from an instrument procured by unjust means. The principle then established has never been doubted.
It follows that the conversations which took place in the absence of defendants were competent evidence.
The jury having found, upon sufficient evidence, that the release was obtained by inequitable means, it must be set aside.
Judgment affirmed, with costs.
Dykmajst, J., concurs; Barnard, P. J., not sitting.